Freeman *v.* Warren.

Freeman *vs.* Warren and others.

Where a defendant has had an opportunity to set up his discharge under the bankrupt act, as a technical defence, and has neglected to do so, the court will not open a regular default for the purpose of enabling him to set up such discharge.

This was an application on the part of Adam A. Nestle and Jonas Nestle, two of the defendants, to set aside the order taking the bill as confessed against them and also the decree entered thereon, by default; and to allow the defendant Adam A. Nestle to put in an answer setting up his discharge under the bankrupt act. The bill was an ordinary creditor's bill as

Freeman v. Warren.

against the defendants Warren and Adam A. Nestle. And the defendant Jonas Nestle was made a defendant as the assignee of the property of the judgment debtors, under an assignment which was charged in the bill to be fraudulent. After the commencement of the suit and before the time for answering had expired, A. A. Nestle obtained his discharge under the bankrupt act.

*H. P. Allen,* for the complainant.

*D. Cady,* for the defendants

THE CHANCELLOR. The proceedings appear, by the affidavits, to have been regular so far as concerns Adam A. Nestle. The affidavit upon which the bill was taken as confessed as to him, appears to be sufficient, and is in the usual form. In addition to that, Mr. Rice, in his affidavit in opposition to this motion, states the particulars of the service of the notice upon the defendants' solicitor. It was owing to Adam A. Nestle's own negligence that he did not, after he had obtained his discharge under the bankrupt act, apply to his solicitor and ascertain what was the situation of the suit against him, and whether it was necessary for him to plead his discharge in bar of the further continuance of such suit. He has had an opportunity to set up his discharge, as a technical defence ; and having neglected to do so the court ought not to let him in to make a defence in which there are no merits. (*Cross* v. *Hopson,* 2 *Caines' Rep.* 102.) The application, as to him, must therefore be denied with costs.

The case of Jonas Nestle is entirely different. For if his answer is true, he has a good and meritorious defence. And I am also satisfied his answer was served ; although it does not appear to have come to the hands of the present solicitors for the complainant, or the former solicitors. It probably was miscarried. But as the answer had been regularly served, the order to take the bill as confessed against Jonas Nestle was ir-

regular; although the decree itself, founded upon a due and proper notice of hearing, was technically regular.

The decree must therefore be so far opened as to allow Jonas Nestle to make a defence; but without interfering with the decree, so as to prevent the complainant from collecting his debt and costs out of any property of either of the other defendants. The solicitor of Jonas Nestle must serve a new copy of his answer upon the solicitors of the complainants; and they must be at liberty to file a replication to that answer within the usual time for replying. And when the cause is in readiness for hearing between the complainant and Jonas Nestle, it is to be brought to a hearing, as to him, in the usual way; so that the court may make such decree between him and the complainant as may be just. And as between those parties neither is to have costs as against the other upon this application: